UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN VANCE and
CATHERINE VANCE, his spouse,

       Plaintiffs,                    CASE NO.8:12-CV-1902-EAK-TGW

v.

WESTFALIA TECHNOLOGIES, INC.,
A foreign corporation, PEPSI-COLA
METROPOLITAN BOTTLING COMPANY,
INC., a foreign corporation, and
BOTTLING GROUP, LLC d/b/a PEPSI
BEVERAGES COMPANY, a foreign
limited liability company,

       Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTIONS TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

THIS CAUSE is before the Court on Plaintiffs' Motions to Strike Affirmative Defenses (Doc. 11, 27-28) and Defendants' Responses in Opposition to Plaintiffs' Motion to Strike Affirmative Defenses (Doc. 15, 30-31). For the reasons set forth below, Plaintiffs' Motions to Strike the Defendants' Affirmative Defenses are **GRANTED IN PART**, and **DENIED IN PART.**

### BACKGROUND AND PROCEDURAL HISTORY

The following facts are submitted by the parties in support and/or in opposition to Plaintiffs' Motions to Strike. The Court recognizes these as "facts" only in regard to resolution of the pending motions.

Plaintiff, Christian Vance, was a resident of Pinellas County, Florida, and was employed as an "Automation Operator" by Defendant, PEPSI BEVERAGES COMPANY. Plaintiff

1

Catherine Vance is married to Christian Vance, and they reside together in Pinellas County, Florida. Defendant WESTFALIA TECHNOLOGIES, INC., was and is a corporation organized and existing under the laws of Pennsylvania with its principal place of business in Pennsylvania. PepsiCo, Inc. is a parent corporation of defendants', PEPSI BEVERAGES COMPANY and METROPOLITAN BOTTLING COMPANY, incorporated under the laws of North Carolina, with its principal place of business in New York. METROPOLITAN BOTTLING COMPANY is a wholly-owned subsidiary of PepsiCo, Inc., which is organized under the laws of New Jersey, with its principal place of business in New York. PEPSI BEVERAGES COMPANY was and is a limited liability company organized under the laws of Delaware, with its principal place of business in New York.

METROPOLITAN BOTTLING COMPANY formed PEPSI BEVERAGES COMPANY, which owns land and buildings housing a bottling plant ("PLANT") in Tampa, Florida, for the purpose of operating its bottling, storage, and distribution, facilities in Florida. METROPOLITAN BOTTLING COMPANY granted exclusive authority to PEPSI BEVERAGES COMPANY to operate the PLANT and produce, store and distribute beverages for METROPOLITAN BOTTLING COMPANY in the greater Tampa Bay area. The PLANT houses an Automated Storage and Retrieval System ("AS/RS") and a Savanna.net Warehouse Operating System, both of which were purchased by METROPOLITAN BOTTLING COMPANY from WESTFALIA TECHNOLOGIES, INC. Both were designed, manufactured, sold, assembled and installed by WESTFALIA TECHNOLOGIES, INC. for METROPOLITAN BOTTLING COMPANY. The AS/RS consisted of two "cranes," numbered 61 and 62, which distributed Pallets of Pepsi-brand products ("PRODUCT") to specific location within the AS/RS for the purpose of organization and storage. Each crane features a "satellite" which is a moving

2

platform transporting pallets of PRODUCT to storage racks. Savanna.net Warehouse Operating System determines the location of these storage racks. WESTFALIA TECHNOLOGIES, INC. also designed, manufactured, sold, assembled, and installed the cranes and satellite system.

The cranes operate within the AS/RS in an "aisle." The satellites attached to each crane operate on a track within sixty "lanes" within the PLANT. Each of the sixty lanes has thirteen different levels vertically storing PRODUCT before sale and distribution. Automation Operators employed by PEPSI BEVERAGES COMPANY had access to Savanna.net Operating System through Graphic User Interfaces ("GUI"). The Automation Operators controlled the AS/RS, including, but not limited to, the operation and shutting-down of the cranes, operation of the satellites for the ingress and egress of product to specific lanes and storage racks, and the closing or "locking" of specific lanes for any purpose.

On or about August 28, 2011, Plaintiff CHRISTIAN VANCE, was assigned by his supervisor to clean up spilled product under lanes 31 and 32 of PEPSI BEVERAGES COMPANY'S warehouse. Mr. Vance, had been instructed and trained to select "lock all" for a given lane, or lanes, preventing pallets of product from being delivered to a locked lane. After selecting "lock all," Mr. Vance proceeded to mop up the spilled product. However, due to the spill volume, he left to retrieve a shop vacuum. At approximately 11:20, Mr. Vance heard the sounds of product being delivered by satellite. As he turned around, he saw Crane 62 heading directly toward him. Mr. Vance was unable to jump out of the path of the product being delivered. The product hit him and crushed his left leg between the satellite and the end barrier of the track, leaving Mr. Vance hanging upside down from the track of lane 32.

The Plaintiffs' have set forth ten claims against Defendants'. All three Defendants' have answered the complaint and set out affirmative defenses. WESTFALIA TECHNOLOGIES, INC.

has asserted twenty-six affirmative defenses. Plaintiffs' Move to Strike the Second, Fourth, Fifth,

Sixth because of legal insufficiency; Eighth, Tenth, Twelfth, Thirteenth, Fifteenth, Seventeenth,

Nineteenth, Twentieth, and Twenty-First affirmative defenses because they are legally

insufficient and redundant; Twenty-Second because it is redundant; Twenty-Sixth because it is

legally sufficient and invalid as a matter of law. PEPSI BEVERAGES COMPANY asserts

sixteen affirmative defenses. Plaintiffs' move to strike PEPSI BEVERAGES COMPANY's

Seventh, Tenth, Eleventh, and Fifteenth Affirmative Defenses as redundant. METROPOLITAN

BOTTLING COMPANY has claimed fifteen affirmative defenses. Plaintiffs' Motion to Strike

seeks to strike METROPOLITAN BOTTLING COMPANY'S Seventh and Eleventh

Affirmative Defenses.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) permits a district court to "strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). An

affirmative defense will only be stricken, however, if the defense is "insufficient as a matter of

law." A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is

patently frivolous, or (2) it is clearly invalid as a matter of law. Id. In evaluating a motion to

strike, "the court must treat all well pleaded facts as admitted and cannot consider matters

beyond the pleadings." Id. "Motions to strike on the grounds of insufficiency, immateriality,

irrelevancy, and redundancy are not favored, often being considered 'time wasters', and will

usually be denied unless the allegations have no possible relation to the controversy and may

cause prejudice to one of the parties." Poston v. American President Lines, Ltd., 452 F. Supp.

568, 570 (S.D. Fla.1978), citing Augustus v. Board of Public Instruction, 306 F.2d 862 (5th Cir. 1962)

DISCUSSION

I.   **PLAINTIFFS' MOTION TO STRIKE DEFENDANT TECHNOLOGIES, INC.'S AFFIRMATIVE DEFENSES.**

The Plaintiffs' move to strike Defendant WESTFALIA TECHNOLOGIES, INC.'s Second, Fourth, Fifth, and Sixth Affirmative Defenses as legally insufficient. The Plaintiffs' further move to strike their Eighth, Tenth, Twelfth, Thirteenth, Fifteen, Seventeenth, Nineteenth, Twentieth and Twenty-First affirmative defenses as legally insufficient and redundant. The Twenty-Second is moved because of redundancy, and finally, the Twenty-Sixth is moved for insufficiency and invalidity as a matter of law. For the foregoing reasons, the Plaintiffs' Motion to Strike WESTFALIA TECHNOLOGIES, INC.'s affirmative defenses is **GRANTED IN PART** and **DENIED IN PART.**

A.   **The Defendant's Second, Fourth, Fifth, Sixth, Sixteenth, and Twenty-Sixth affirmative defenses are not legally insufficient**

The WESTFALIA TECHNOLOGIES, INC.'s Second Affirmative Defense states the Plaintiff, CHRISTIAN VANCE, is entitled to Workers' Compensation Benefits pursuant to Chapter 440 of the Florida Statutes. (Doc. 9). The Plaintiff asserts this affirmative defense is insufficient because the Defendant allegedly did not employ him at the time of the incident argued in his Complaint. WESTFALIA TECHNOLOGIES, INC.'s counters the Plaintiffs' assertion, claiming the discovery process will "flesh out the basis for the claim." (Doc. 15). "To the extent that Defendant's second affirmative defense puts into issue relevant and substantial factual questions with no showing of prejudice to Plaintiff, the defense is sufficient." Reyher v. Trans World Airlines, Inc., 881 F. Supp 574, 576 (M.D. Fla 1995). Therefore, the Plaintiffs'

5

Motion to Strike WESTFALIA TECHNOLOGIES, INC.'s Second Affirmative Defense is **DENIED.**

WESTFALIA TECHNOLOGIES, INC.'s Fourth, Sixteenth, and Twenty-Six Affirmative Defenses should be treated as denials. The Fourth states WESTFALIA TECHNOLOGIES, INC. ". . . did not owe a duty to the Plaintiff." (Doc. 9) The Sixteenth states the Defendant "exercised reasonable care in designing, manufacturing, selling, and installing the product in a safe condition." Id. Lastly, the Twenty-Sixth states, "any affirmative defenses pleaded by any other Defendant and not pleaded by Westfalia are incorporated herein to the extent the subject affirmative defenses do not conflict with Westfalia's affirmative defenses stated herein." Id. These defenses are specific denials hidden in an affirmative defenses. "A defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d 1343,1349 (11th Cir. 1988). When a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] ... the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07–20608–CIV, 2007 WL 2412834, at *3 (S.D.Fla. Aug.21, 2007). The Fourth Affirmative Defense, stating the Defendant did not have a duty, is in fact a denial of an element of the Plaintiffs' claim of negligence. Therefore, the defense will not be stricken, but rather treated as a denial. WESTFALIA TECHNOLOGIES, INC.'s assertion in its Sixteenth Affirmative Defense of the Plaintiff failing to exercising reasonable care, is merely a denial. Furthermore, WESTFALIA TECHNOLOGIES, INC. concedes that the Sixteenth and Twenty-Sixth Affirmative Defenses are denials. (Doc. 9). For the foregoing reasons, the Motion to Strike WESTFALIA TECHNOLOGIES, INC.'s Fourth, Sixteenth, and Twenty-Sixth Affirmative Defenses is **DENIED.**

WESTFALIA TECHNOLOGIES, INC.'s Fifth Affirmative Defense raises the defense that the Plaintiffs' failed to mitigate damages, and should, therefore, be recognized as legally sufficient. (Doc. 15). Although not specifically listed under Rule 8 the Federal Rules of Civil Procedure, the Eleventh Circuit Court of Appeals held failure to mitigate damages is recognized as an affirmative defense. Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1286 (11th Cir. 2000). "Most federal courts . . . regard the failure to mitigate as an affirmative defense under Rule 8(c)'s catchall clause which provides for 'any other matter constituting an avoidance or affirmative defense.'" Id.; see Conjugal Partnership v. Conjugal Partnership, 22 F.3d 391, 400 (1st Cir.1994)("Failure to mitigate is an affirmative defense as a matter of federal procedural law . . . ."). The Plaintiffs' contend WESTFALIA TECHNOLOGIES, INC.'s failed to plead any facts, which would provide a basis in law for mitigation in a tort injury case. (Doc. 11). Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Rule 8(b) of the Federal Rules of Civil Procedure, which requires defenses to be stated "in short and plain terms." Rosada v. John Wieland Homes and Neighborhoods, Inc., No. 3:09–cv–653–J–20MCR, 2010 WL 1249841 * 2 (M.D. Fla. 2010). Though this court agrees the affirmative defense lacks specificity, such a failure does not render an affirmative defense insufficient as a matter of law and subject to a motion to strike. Sachi v. Labor Ready Southeast, 2010 WL 3259916, at *2 (S.D. Fla. Aug. 18, 2010). Instead, "the lack of specificity is best dealt with by a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure." Id. Therefore, the Motion to Strike WESTFALIA TECHNOLOGIES, INC.'s Fifth Affirmative Defense is **DENIED.**

WESTFALIA TECHNOLOGIES, INC.'s Sixth Affirmative defense asserts that the product at issue was in compliance with all federal, state, and local codes, standards, regulations,

specifications and statutes regarding the design, manufacture, sale, installation and use of the product at all times pertinent. (Doc. 9). The Plaintiffs' address this defense by claiming it does not specifically state the last two elements of the statute. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Geller v. Von Hagens, No. 08:10–cv–01688–EAK–AEP, 2011 WL 2581187 * 2 (M.D. Fla. 2011); quoting Augustus, 306 F.2d at 868. The affirmative defense has been plead in general terms the facts, and reasonably apprises the Plaintiffs' and places them on notice. Lastly, the Plaintiffs' do not offer any showing of prejudice which would result from allowing this affirmative defense to stand. Therefore, the Motion to Strike WESTFALIA TECHNOLOGIES, INC.'s Sixth Affirmative Defense is **DENIED.**

B. **The Defendants Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Fifteenth, Seventeenth, Nineteenth, and Twenty-Second Affirmative Defenses are not redundant and are sufficient.**

1. **The Defendants Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Fifteenth, Nineteen, and Twenty-Second Affirmative Defenses are not redundant.**

The Plaintiffs move to strike the WESTFALIA TECHNOLOGIES, INC.'s Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Fifteenth, and Nineteenth Affirmative Defenses because they are redundant and are insufficient as a matter of law. The Plaintiffs claim, as their basis for the Motion to Strike, redundancy. In Rosada 2010 WL 1249841 * 2 (M.D. Fla. 2010), the seventh, ninth, and eleventh affirmative defenses were claimed, by the plaintiff, to be redundant and associated with the defendant's apportionment to an unspecified third-party and/or cause. "The Court agree[d] with [d]efendant's that the defenses [were] sufficiently different so that they are not redundant." Id. The Court held the seventh affirmative defense related to the plaintiff's failure to make necessary repairs, the ninth affirmative defense addressed the plaintiff's alleged

8

failure to maintain the home, and the eleventh affirmative defense claims recovery should be diminished by the plaintiff's own negligence. Id.

Here the Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Fifteenth, and Nineteenth Affirmative Defenses are not redundant, nor insufficient as a matter of law, and, therefore, will not be stricken. The Eighth Defense involves the Plaintiffs' alleged misuse of the product. The Tenth Defense relates to third parties knowledge of the defect, and their continued use of the product. The Eleventh Defense involves the modification or alteration of the product at issue, pertaining to the issue of proximate cause. The Twelfth Defense addresses apportionment of damages based on fault by the Plaintiff, while the Thirteen Defense asserts apportionment of damages based on the contribution of each cause. Lastly, the Nineteenth Defense relates the damages to the acts and/or omissions of third party persons or entities. This Court finds these affirmative defenses are not redundant, and clearly pertain to the controversy. Furthermore, the Plaintiffs' fail to establish a showing of prejudice from allowing the defenses. Consequently, the Plaintiffs' Motion to Strike the Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Fifteenth, and Nineteenth Affirmative Defenses for redundancy is **DENIED.**

### 2. The Defendant's Eighth, Tenth, Eleventh, Thirteenth, Fourteenth, Fifteenth, Seventeenth, and Nineteenth are legally sufficient as a matter of law.

"A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp., 211 F.R.D. at 683. Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Rule 8(b) of the Federal Rules of Civil Procedure, which requires defenses to be stated "in short and plain terms." Rosada, 2010 WL 1249841, at *2; see McGlothan v. Walmart Stores, Inc., No. 6:06–cv–94, 2006 WL 1679592, at *1 (M.D.Fla. Jun.14, 2006).

The Plaintiffs' state that the Eighth, Tenth, Eleventh, Thirteenth, Fourteenth, Fifteenth, and Nineteenth are insufficient because they fail to specify the third parties who may be at fault, thus, failing to give them proper notice. This Court disagrees with the Plaintiffs' opposition. "The Rosada court held that the 'failure to identify any third parties by name does not prevent an affirmative defense from adequately put[ting a party] on notice that third parties may be at fault.'" Geller, 2011 WL 2581187, at *4; quoting Rosada, 2010 WL 1249841, at *4. WESTFALIA TECHNOLOGIES, INC.'s failure to specifically identify a third party who may be at fault will not preclude them from asserting these affirmative defenses. A court will not exercise its discretion to grant a motion to strike unless the "matter sought to be omitted has no possible relation to the controversy, . . . or otherwise prejudice the party." Reyhar, 881 F. Supp. at 576 (M.D. Fla. 1995). The Plaintiffs', bearing the burden of proof, have not demonstrated either.

The Plaintiffs' also move to strike the Seventeenth Affirmative Defense because of insufficiency. The defense states:

> This defendant did not have reasonable notice of the alleged dangerous condition
> or defect, if same existed, in order to cure said condition.

(Doc. 9). The Plaintiffs' claim this defense is inapplicable to Plaintiff's negligence and strict liability counts against WESTFALIA TECHNOLOGIES, INC. (Doc. 11) However, the reasonable care to design the product for not only its intended use, but also the foreseeable use, is critical in the issue of whether the product was negligently designed or manufactured.

Consequently, the Plaintiffs' Motion to Strike WESTFALIA TECHNOLOGIES, INC.'s Eighth, Tenth, Eleventh, Thirteenth, Fourteenth, Fifteenth, Seventeenth, and Nineteenth Affirmative Defenses for insufficiency is **DENIED.**

### C. The Defendant's Twentieth and Twenty-First Affirmative Defenses are insufficient as a matter of law

Implied assumption of risk is no longer recognized by Florida Courts because it has merged with comparative negligence. <u>Acosta v. United Rentals (North America) Inc.</u>, No. 8:12–CV–01530–EAK–TGW, 2013 WL 869520 *6 (M.D. Fla. 2013). "Florida courts have abolished implied assumption of the risk as a defense, but express assumption of the risk remains a valid defense." <u>Id</u>. In <u>Acosta</u>, the defendant asserted, as its eight affirmative defense, implied assumption of risk. The court held, "the conduct alleged in [the plaintiff's] eighth affirmative defense is more properly characterized as implied assumption of the risk, which Florida law has merged with comparative fault." <u>Id</u>.

WESTFALIA TECHNOLOGIES, INC.'s Twentieth and Twenty-First Affirmative Defenses can both be classified as implied assumption of risk defense. The Defendant states the "Twentieth Defense addresses the assumption of risk through actual knowledge, while the Twenty-First Affirmative Defense deals with constructive knowledge on the part of the Plaintiffs." (Doc. 15). Neither defense alleges a contract or any other means necessary for express assumption of risk. Because Florida Law has merged implied assumption of risk with comparative negligence, the WESTFALIA TECHNOLOGIES, INC.'s Twentieth and Twenty-First Affirmative Defenses are insufficient as a matter of law. Consequently, the Motion to Strike WESTFALIA TECHNOLOGIES, INC.'s Twentieth and Twenty-First Affirmative Defenses is **GRANTED.**

### D. The Defendant's Twenty-Fourth Affirmative Defense is not a viable affirmative defense.

An affirmative defense that request attorney's fees is not a defense, and further ". . . a prevailing defendant is not entitled to attorney's fees unless the litigation was in bad faith." <u>Ayers</u>

11

v. Consol. Const. Services of SW Fla., Inc., No. 2:07-cv-123-FtM-29DNF, 2007 WL 4181910 *2

(M.D.Fla.2007). In Ayers, the defendant asserts in his eighth affirmative defense that they are

entitled to attorney's fees. The court reasoned "[t]he request for attorney's fees, even if defendant

prevails, does not respond to the allegations of the complaint and is not considered an affirmative

defense." Id. It ultimately held the eighth affirmative defense, because it did not respond to the

allegations of the complaint, would be stricken. Id.

WESTFALIA TECHNOLOGIES, INC.'s Twenty-Fourth Affirmative Defense is not a

valid affirmative defense. The Twenty-Fourth Affirmative Defense states:

> That the claims against Defendant, Westfalia, are wholly without factual and/or
> legal merit and Defendant should be awarded attorney's fees pursuant to Florida
> Statute 57.105.

(Doc. 9). This affirmative defense is merely a denial accompanied with a request for attorney's

fees. This Court, such as in Ayers, acknowledges this defense does not respond to the allegation

of the complaint, and, therefore, should be struck from the pleadings. The Motion to Strike

WESTFALIA TECHNOLOGIES, INC.'s Twenty-Fourth Affirmative Defense is **GRANTED.**

## II.   PLAINTIFFS' MOTION TO STRIKE DEFENDANT PEPSI BEVERAGE COMPANY'S AFFIRMATIVE DEFENSES

### A. The Defendant's Seventh, Eleventh, and Fifteenth Affirmative Defenses are not redundant

Motions to strike for redundancy must not be granted unless the moving party will be

prejudiced. "[A] motion to strike for redundancy ought not to be granted in the absence of a clear

showing of prejudice to the movant." 5C Charles Alan Wright, Arthur R. Miller, and Mary Kay

Kane, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed. 2004); see also Agan v.

Katzman & Korr, *P.A.,* 328 F. Supp. 2d 1363, 1367 (S.D.Fla.2004) (noting motions to strike are

usually denied absence a showing of prejudice to one of the parties).

The Plaintiffs' Motion to Strike PEPSI BEVERAGE COMPANY's Seventh, Eleventh, and Fifteenth Affirmative Defenses should be denied as they are not redundant. Plaintiffs' claim the Eleventh Affirmative Defense should be stricken because it is redundant of the Second and Third Affirmative Defenses. Plaintiffs further claim the Seventh is redundant to the Sixth, and Fifteenth is redundant to the Thirteenth. This Court disagrees that these affirmative defenses are redundant, especially noticing that Plaintiffs fail to establish any showing of prejudice or that the defense is not part of the controversy. Therefore, the Motion to Strike the Seventh, Eleventh, and Fifteenth Affirmative Defenses is **DENIED.**

An affirmative defense that simply negates an element of the underlying claim should be treated as a denial. "A defense which points out a defect in the [p]laintiff's prima facie case is not an affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir.1988). As a remedy, rather than striking the affirmative defense, the Rosada court treated the defendant's affirmative defense as a specific denial. Rosada 2010 WL 1249841, at *2. The Tenth Affirmative defense states there is a lack of proximate cause, which is actually a negation of an element of the underlying claim of employer liability, rather than an affirmative defense. The Tenth Affirmative Defense must follow the standard set by the In re Rawson Food Serv., Inc., and others courts, thereby treating it as a denial. The Motion to Strike PEPSI BEVERAGE COMPANY's Tenth Affirmative Defense is **DENIED.**

## B. The Defendant's Ninth Affirmative Defense of Implied Assumption of Risk has merged with Comparative Fault/Negligence

Implied assumption of risk has merged with comparative fault, and is no longer recognized under Florida Law. Acosta, 2013 WL 869520 at *2. PEPSI BEVERAGES COMPANY describes what can only classified as implied assumption of risk as its Ninth Affirmative Defense. "It does not allege contractual assumption of the risk or participation in a

13

contact sport." Id at *6. Just as in Acosta, PEPSI BEVERAGES COMPANY alleges that the

Plaintiff knew of the existence of the danger complained of in the complaint, but failed to take

reasonable opportunity to avoid such danger. (Doc. 24). The Ninth Affirmative Defense is

insufficient as a matter of law, therefore the Plaintiffs' Motion to Strike the Ninth Affirmative

Defense is **GRANTED.**

## III.   **PLAINTIFFS' MOTION TO STRIKE DEFEDANT'S, METROPOLITAN BOTTLING COMPANY, AFFIRMATIVE DEFENSES.**

A motion to strike for redundancy may be granted with a showing of prejudice to the

moving party. Marley v. Jetshares Only, LLC, No. 10–23178–CIV, WL 2607095 *6 (S.D. Fla.

2011). In Marley, where a private jet company's affirmative defenses in paragraphs seven and

eight were claimed to be redundant by the consumer musician, the court held that since there was

not a showing of prejudice by the consumer, the motion to strike the affirmative defense in the

eighth paragraph was denied. Id.

METROPOLITAN BOTTLING COMPANY's Seventh Affirmative Defense is not

redundant. The Sixth and Seventh Affirmative Defenses are very similar, but not redundant. The

Sixth states the defendant had "no notice of the alleged danger," and the Seventh states the

defendant had "no knowledge of any alleged defect." (Doc. 23). These two defenses are

sufficiently different in that the Sixth specifically focuses on the alleged defect causing the

injury, and the Seventh focuses on a lack of knowledge toward any alleged defect with this

product. Further, the Plaintiffs, as the moving parties, failed to show any prejudice will arise

from not granting the motion to strike. Consequently, the motion to strike the METROPOLITAN

BOTTLING COMPANY's Seventh Affirmative Defense is **DENIED.**

METROPOLITAN BOTTLING COMPANY's Eleventh Affirmative Defense is not redundant. As stated before, motions to strike on the grounds of redundancy are often considered "time wasters", and will not be granted unless the movant shows that the defense has no possible relation to the controversy or the movant would be prejudiced. The Eleventh Affirmative Defense asserts a defense of apportionment of fault. The Plaintiffs claim that this is a restated defense of the Second and Third Affirmative Defenses, but they fail to show the defense has no relation to the controversy or that they will be prejudiced by it. The Plaintiffs' absence of prejudice will prevent the Motion to Strike from being granted. Consequently, the Motion to Strike METROPOLITAN BOTTLING COMPANY's Eleventh Affirmative Defense is **DENIED.**

METROPOLITAN BOTTLING COMPANY's Ninth Affirmative Defense is a mirror image of PEPSI BEVERAGES COMPANY's Ninth Affirmative Defense. For the fore-mentioned reasons, the Plaintiffs' Motion to Strike METROPOLITAN BOTTLING COMPANY's Ninth Affirmative Defense is **GRANTED.** Accordingly, it is

**ORDERED** that the Plaintiffs' Motion to Strike Defendant WESTFALIA TECHNOLOGIES, INC.'s Second, Fourth, Fifth, Sixth, Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Seventeenth, and Twenty-Second be **DENIED**, and the Fourth, Sixteenth, and Twenty-Sixth defenses shall be treated as a specific denial**.** It is further

**ORDERED** that the Plaintiffs' Motion to Strike Defendant WESTFALIA TECHNOLOGIES, INC.'s Twentieth, Twenty-First, and Twenty-Fourth affirmative defense be **GRANTED.** And it is

**ORDERED** that Plaintiffs' Motion to Strike Defendant PEPSI BEVERAGE COMPANY's Seventh, Tenth, Eleventh, and Fifteenth affirmative defenses be **DENIED**, the

Motion to Strike the Ninth Affirmative Defense is **GRANTED,** and the Tenth defense shall be treated as a specific denial. Lastly, it is

**ORDERED** that the Plaintiffs' Motion to Strike Defendant METROPOLITAN BOTTLING COMPANY's Seventh and Eleventh affirmative defenses be **DENIED.**

**DONE AND ORDERED** in Chambers at Tampa, Florida this 26th of June, 2013.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE


Copies to: All parties and counsel of record